UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                    Case No. 13-20882

v.

                                      Hon. John Corbett O'Meara

D-1 AARON GOLDFEIN, M.D.,

     Defendant.

_____/

**ORDER GRANTING IN PART**
**DEFENDANT'S MOTION FOR DISCLOSURE**

Before the court is Defendant Aaron Goldfein's motion for disclosure of the government's witness list, exhibit list, and additional witness information in advance of trial. Noting that this a health care fraud case with voluminous discovery, Defendant seeks the following information at least 45 days in advance of the trial date: (1) all recorded witness statements, interview notes, and grand jury testimony for all witnesses, including agents, the government may call at trial; (2) a tentative witness list; and (3) a tentative exhibit list. The government responds that it has provided discovery pursuant to its obligations under Rule 16, Brady, Giglio, and the Jencks Act. See Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. U. S., 405 U.S. 150 (1972).

## I.   <u>Witness Statements</u>

The Jencks Act provides, "In any criminal prosecution brought by the United States, no statement or report in possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500(a).  The Sixth Circuit has held that "the government may not be compelled to disclose Jencks Act material before trial." <u>United States v. Presser</u>, 844 F.2d 1275, 1283 (6th Cir. 1988).  <u>See</u> <u>also</u> 18 U.S.C. § 3500(e) (defining "statement" as written statement, recorded or transcribed oral statement, or grand jury transcript).  Accordingly, the court will deny Defendant's request for the advance production of Jencks Act material.

## II.   <u>Witness and Exhibit Lists</u>

As the government notes, it has no obligation to disclose its witness or exhibit lists prior to trial.  <u>See</u> <u>United States v. McCullah</u>, 745 F.2d 350, 353 (6th Cir. 1984).  However, the government states that it is willing to produce its witness and exhibit lists two weeks in advance of trial.  The government requests that Defendant provide reciprocal discovery.  The court finds that the government has suggested a reasonable method for proceeding and will order the exchange of

witness and exhibit lists two weeks before trial.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motion is GRANTED IN PART, consistent with this order.

IT IS FURTHER ORDERED that the parties shall exchange witness and exhibit lists two weeks prior to the trial date.


s/John Corbett O'Meara
United States District Judge

Date:  May 17, 2016



I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 17, 2016, using the ECF system.


s/William Barkholz
Case Manager